0314-20518 #1445069

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF RIVER CONSTRUCTION, INC., AND THE RC 201 FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO:**<br><br>**DISTRICT JUDGE:**<br><br>**MAGISTRATE JUDGE:** |

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

The Complaint of River Construction, Inc., as owner and operator of the barge RC 201 (hereinafter sometimes referred to as "Petitioner"), in a cause for exoneration from and/or limitation of liability, civil and maritime, under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules of Admiralty and Maritime Claims, alleges upon information and belief as follows:

1.

At all times pertinent hereto, River Construction, Inc. was the owner and operator of the barge RC 201, its equipment, tackle, apparel, fixtures, and furniture.

2.

River Construction, Inc. is a Louisiana corporation organized under and existing by virtue of the laws of the State of Louisiana.

3.

The barge RC 201, is a 120-foot by 32 foot by 8-foot crane barge constructed of welded steel.

4.

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to Rule F(9) of the Supplemental Rules of Certain Admiralty and Maritime Claims.

5.

On December 28, 2017, JaJuan Davis ("Mr. Davis") was upon information and belief, an employee of Bo-Mac Contractors, Ltd., and was in the course and scope of his employment while performing work at the Shell Norco Manufacturing Complex marine terminal ("Shell Norco"), located in Norco, Louisiana.

6.

On or about December 28, 2017, Mr. Davis alleges that he was utilizing a gangway at the Shell Norco facility to access the barge KS-531. As Mr. Davis was crossing the gangway, he alleges that one or more bolts on the gangway failed, causing Mr. Davis and the gangway to make contact with the barge KS-531 ("the Incident"). Mr. Davis claims personal injury damages as a result of the alleged Incident.

7.

On or about October 17, 2017, Petitioner, River Construction, Inc., was contracted by Shell to perform work at the Shell Norco facility upon the gangway that is alleged to have been involved in Mr. Davis's incident occurring on December 28, 2017.

8.

On or about October 17, 2017, Petitioner performed work upon the gangway at issue from the barge RC 201.

9.

The barge RC 201 was, at all material times, a seaworthy vessel.

10.

Petitioner used due diligence, to the extent it was legally obligated to do so, to make the aforementioned vessel seaworthy, and it was prior to the casualty herein, tight, staunch, strong,

fully and properly manned, equipped, and supplied and in all respects seaworthy and fit for the service in which it was engaged.

11.

The Incident and alleged injuries or damages resulting from the aforementioned Incident were not caused or contributed to by any fault, negligence, or lack of care on the part of Petitioner, its owners or officers, or the barge RC 201, but were caused instead by the fault, negligence, and lack of care of other parties or by circumstances beyond the control of Petitioner.

12.

Petitioner denies that it or the barge RC 201 are liable to any extent for any damages, losses and/or injuries, and in that regard, therefore, Petitioner is entitled to exoneration from liability for all claims, damages, losses and injuries which may have been done, occasioned or incurred by any reasons of the matters aforesaid.

13.

In the alternative, and without admitting liability, Petitioner avers that in the event it or the barge RC 201 should be held responsible to any person or parties, by reasons of the matters aforesaid, Petitioner and the barge RC 201 are entitled to the benefits of the Limitation of Liability Act as provided for in § 30501 through § 30512 of Title 46 of the United States Code and all laws supplementary thereto and amendatory thereof.

14.

All of the alleged losses, damages, and injuries resulting from the aforementioned incident were done, occasioned and incurred without fault on the part of the Petitioner and/or without Petitioner's privity or knowledge.

15.

On December 19, 2018, Jajuan Davis and his wife, Shameka Thompson, filed a Petition for Damages in the 29th Judicial District Court of Louisiana, Parish of St. Charles, entitled "*Shameka Thomas, et al v. Bo-Mac Contractors, Ltd. et al*," 85,620, Div. "C".

16.

On February 21, 2019, Defendant, Bo-Mac Contractors, Ltd., removed Mr. Davis and Mrs. Thompson's suit from the 29th Judicial District Court to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The matter was assigned to United States District Judge Lance M. Africk, bearing civil no. 2:19-cv-01636.

17.

On May 7, 2019, Mr. Davis and Mrs. Thompson filed a First Supplemental and Amending Complaint, in the United States District Court for the Eastern District of Louisiana, naming petitioner, River Construction, Inc. as a defendant.

18.

On May 7, 2019, Shell Oil Company, Shell Chemical, LP and Bo-Mac Contractors, Ltd. brought a Third-Party Complaint against Petitioner in the United States District Court for the Eastern District of Louisiana.

19.

On May 20, 2019, U.S. District Judge Lance M. Africk issued an Order remanding the matter to the 29th Judicial District Court, Parish of St. Charles, Louisiana.

20.

The parties known to have potential Claims against Petitioner resulting from the aforesaid matters are:

4

1. Shameka Thompson wife of/and JaJuan Davis
   **Through their attorney:**
   Leo J. Palazzo
   Jason J. Markey
   Mario A. Arteago
   PALAZZO LAW FIRM
   732 Behrman Highway, Suite F&G
   Gretna, LA  70056

2. Shell Oil Company and Shell Chemical, LP
   **Through their attorney:**
   John F. Olinde
   Katharine R. Colletta
   Adelaida J. Ferchmin
   CHAFFE McCALL, LLP
   1100 Poydras Street, Suite 2300
   New Orleans, LA  70163

3. Bo-Mac Contractors, Ltd.
   **Through its attorney:**
   John F. Olinde
   Katharine R. Colletta
   Adelaida J. Ferchmin
   CHAFFE McCALL, LLP
   1100 Poydras Street, Suite 2300
   New Orleans, LA  70163

4. Navigators Insurance Company
   **Through its attorney:**
   Elton F. Duncan III
   Kelley A. Sevin
   Michael Wawrycki
   DUNCAN & SEVIN, LLC
   400 Poydras St., Suite 1200
   New Orleans, LA  70130

5. Liberty Insurance Underwriters, Inc.
   **Through its attorney:**
   Jeff D. Peuler
   Richard A. Cozad
   Morgan E. Kelley
   SCHOUEST, BAMDAS, SOSHEA & BENMAIER, PLLC
   365 Canal St., Suite 2730
   New Orleans, LA  70130

6.       Safe Harbor Access Systems II, LLC
   **Through its attorney:**
   Joseph Maselli, Jr
   Conrad Rolling
   PLAUCHE MASELLI PARKERSON, LLP
   701 Poydras Street, Suite 3800
   New Orleans, LA  70139

7.       Zurich American Insurance Company
   **Through its attorney:**
   Thear J. Lemoine
   Ms. Taylor Lambert
   Collin D. Seipel
   Mark T. Tufts
   BROWN SIMS PC
   1100 Poydras Street, 39th Floor
   New Orleans, LA  70163

8.       Travelers Property Casualty Company of America
   **Through its attorney:**
   Kenneth J. Gelpi, Jr.
   Ronald J. Kitto
   GORDON, ARATA, MONTGOMERY,
   BARNETT, McCOLLAM, DUPLANITIS & EAGIN, LLC
   201 St. Charles Ave., 40th Floor
   New Orleans, LA  70170

9.       Lexington Insurance Company
   **Through its attorney:**
   Coleman T. Organ
   Michael J. Madere
   Scott McCormick
   ORGAN & ASSOCIATES
   909 Poydras St., Suite 3000
   New Orleans, LA  70112

10.     Motiva Enterprises, LLC
    **Through its registered agent:**
    CT Corporation System
    3867 Plaza Tower Dr.
    Baton Rouge, LA  70816

11.      Marmac, LLC
**Through its registered agent:**
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA  70802

21.

Petitioner avers that at the termination of the voyage hereinabove described, the market value of the barge RC 201 and the value of the Petitioner's interest in said vessel, did not exceed the sum of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000). Petitioner provides the attached Affidavit of Value by Kyle Smith attached as Exhibit "A," in support of this contention. Furthermore, Petitioner avers that the value of the barge RC 201's pending freight at the end of the voyage in question was ELEVEN THOUSAND, THREE-HUNDRED EIGHTY-EIGHT DOLLARS AND ZERO CENTS ($11,388.00).

22.

Petitioner has caused to be filed contemporaneously herewith, an Ad Interim Stipulation/Letter of Undertaking, in appropriate form for the payment into Court, for the amount of Petitioner's interest in the barge RC 201 and its pending freight at the close of the voyage aforementioned, together with interest at the rate provided by law from the date of said Ad Interim Stipulations and for costs; in addition, Petitioner is prepared to give a bond or stipulation for any amount in excess of the Ad Interim Stipulations as may be ascertained and determined to be necessary under Orders of this Court, as provided by the laws of the United States and the Federal Rules of Civil Procedure.

23.

This Complaint is filed within six (6) months of first receipt of a claim in writing, that is subject to a shipowner's protections under 46 U.S.C. § 30501, *et seq.*, arising from the

aforementioned incident, which revealed a reasonable possibility that the claim may exceed the value of the barge RC 201 and its pending freight.

24.

The barge RC 201 has not been arrested or attached within six (6) months after the Petitioner received the first written notice of a claim as aforesaid.

25.

Petitioner avers that claims have been or may be asserted against it in amounts exceeding the total sum Petitioner may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

26.

All and singular the premises are true and correct and within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. §1333, and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioner prays:

(a)     That this Court accept Petitioner's Ad Interim Stipulation/Letter of Undertaking, as security for the barge RC 201, and her pending freight, which total the amount of TWO HUNDRED SIXTY-ONE THOUSAND, THREE HUNDRED EIGHTY-EIGHT DOLLARS ($261,388.00) and cause the attached Order Approving Petitioner's Ad Interim Stipulation to be issued;

(b)     That this Court make an order directing the issuance of a monition and notice to all persons claiming damages for any and all loss of life, personal injury, destruction, property damage, or loss occasioned or incurred by, or resulting from the aforesaid casualty

or other occurrences, as hereinabove described, or during the voyage on which the barge RC 201 was then engaged, citing them, and each of them to file their respective claims with the Clerk of this Honorable Court, and to serve copies of said claims upon the attorney for the Petitioner, on or before the time fixed by this Honorable Court in the monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims thereafter before a commissioner or this Honorable Court as this Honorable Court may later direct, and also to appear and answer the allegations of this Petition according to the laws, rules and practices of this Honorable Court at or before a certain time to be fixed by the monition.

   (c)   That this Court issue an injunction, restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of or resulting from the incident or other occurrences, as hereinabove described, or arising out of the contractual obligations which the barge RC 201 was engaged, and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature or description whatsoever, except in the present proceedings, against Petitioner or its agents or representatives or any other person whatsoever, for whom Petitioner may be responsible or the barge RC 201 in respect of any claim or claims arising out of the alleged incident occurring on or about December 28, 2017, along with the aforesaid occurrence.

   (d)   That this Court, assuming that a claim is filed against Petitioner, as well as the barge RC 201 in this proceeding, adjudge:

      (i.) That Petitioner is not liable to any extent for any loss of life, injury, destruction, property damage or loss, or for any claim whatsoever, in any way arising out of or consequent upon the aforesaid occurrence;

(ii.) Alternatively, if Petitioner shall be adjudged liable, that such liability be limited to the amount or value of Petitioner's interest in the barge RC 201 and her pending freight immediately after the voyage, on which the aforesaid occurrence(s) took place, and that the money paid or secured to be paid as aforesaid, be divided *pro rata* among such Claimants as may duly prove their claims, if any, before this Court or a commissioner, if one be appointed, saving to all parties, any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability; and

(iii.) That Petitioner have such other and further relief as the justice of the cause may require.

Respectfully submitted:

*/s/ Salvador J. Pusateri*
Salvador J. Pusateri, T.A. (#21036)
Aaron B. Greenbaum, (#31752)
Rowen F. Asprodites (#33135)
Marcus K. Pierre (#38372)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Salvador.Pusateri@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Rowen.Asprodites@pjgglaw.com
Marcus.Pierre@pjgglaw.com
**ATTORNEYS FOR PETITIONER-IN-LIMITATION, RIVER CONSTRUCTION, INC.**